# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY D. THOMAS, | Case No. 1:16-cv-00855-AWI-BAM-PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| v. | |
| V. YATES, et al., | |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiff Larry D. Thomas is a state prisoner proceeding pro se pursuant to 42 U.S.C. § 1983.[1]  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Pending before the Court is Plaintiff's complaint, filed on June 20, 2016.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] Plaintiff paid the $400 filing fee in full for this action.  The PLRA states that "[n]ot withstanding any filing fee, of any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

1 legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)(internal quotation marks and citations omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010)(citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at CSP Lancaster, brings this civil rights action against correctional officials employed by the CDCR at CCI Tehachapi, where the events at issue occurred. Plaintiff names the following individual Defendants: Sergeant V. Yates; Correctional Officer (C/O) H. Cervantes; C/O L. Villa; Licensed Vocational Nurse (LVN) Monghig; LVN Gonzales.

Plaintiff claims that he was subjected to excessive force in violation of the Eighth Amendment, that he was denied adequate medical care for his injuries in violation of the Eighth

Amendment, and that he was improperly charged with assaulting staff in connection with the incident. The incident at issue occurred on July 20, 2009. Plaintiff was scheduled to be transported to Tehachapi surgery center. Plaintiff alleges that after he was strip searched, Defendant Cervantes placed handcuffs on Plaintiff so tightly that it caused pain and restrict blood flow. Plaintiff alleges that in response to his "vociferous" complaints about the handcuffs being too tight, Cervantes loosened them. (ECF No. 1, ¶ 37.) Immediately after loosening the handcuffs, Cervantes "then clicked the handcuffs to an even tighter hold than initially." (Id.) Plaintiff alleges that just prior to doing this, he looked at Defendant Villa, taking a cue from Defendant Villa to tighten the handcuffs.

Sergeant Yates checked the handcuffs, and indicated that they were not too tight. Plaintiff alleges that because his requests to loosen the handcuffs were ignored, he had no choice but to refuse medical treatment. Plaintiff told Defendants Yates "If you're not going to loosen the handcuffs, then I'm refusing medical treatment and that I no longer wanted to go." (Id. ¶ 44.) Plaintiff was in his cell, with his hands handcuffed outside the food port, with the attached waist chain hanging. Plaintiff alleges that Defendant Yates began to pull on the waist chain, pulling his forearms completely through the food port, causing scrapes to his forearms and "excruciating pain." (Id. ¶ 47.) After Defendant Yates pulled on the chain, Defendants Cervantes and Villa took turns pulling on the Chain. Defendant Villa put his foot against the door, gaining leverage while he pulled the waist chain.

Plaintiff alleges that Defendant LVN Monghig came to his cell, but instead of examining Plaintiff, Defendant Monghig had a refusal of medical treatment form for Plaintiff to sign, as Plaintiff had indicated that he was refusing to go to his medical appointment. Plaintiff showed Monghig the scrapes and bruises on his forearms, and explained what happened. Plaintiff alleges that Defendant Monghig refused to treat him for his injuries. Plaintiff alleges that he told Monghig that he changed his mind about the refusal of treatment. Plaintiff was not transported for his medical appointment.

At the next shift, Plaintiff was able to speak to Sergeant Day, the second watch mental health sergeant for administrative segregation. Sgt. Day conducted a videotaped interview with

1 Plaintiff. Plaintiff alleges that LVN Gonzales eventually examined Plaintiff, completing a
2 CDCR Form 7219, Report of Injury/Unusual Occurrence. Plaintiff alleges that Gonzales "failed
3 in her medical to diagnose Plaintiff's injuries; and she ultimately denied Plaintiff access to
4 needed medical treatment services." (Id. ¶ 85.) Plaintiff explained to Defendant Gonzales that
5 he was in pain, that his skin was broken, and that he had welts.

6 Plaintiff was eventually issued a Rules Violation Report (RVR) for assault on staff as a
7 result of the July 20, 2009, incident. Plaintiff alleges that he was not served with a copy of the
8 RVR, and did not find out about it until the Investigative Employee (IE) assigned to Plaintiff's
9 case appeared at his cell. Plaintiff advised the IE, C/O Dewitt, that he did not want an IE
10 assigned. Plaintiff also alleges that he filed an Inmate Request for Interview form in order to
11 obtain documents to prepare his defense. Plaintiff did not receive a response to his request.
12 Plaintiff alleges that criminal charges were filed in Kern County Superior Court related to the
13 incident. Although unclear from the complaint, Plaintiff appears to allege that the charges were
14 dismissed with a possibility of being re-filed.

## III.

## DISCUSSION

### A. Eighth Amendment

#### 1. Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v.McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of

decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Here, Plaintiff has alleged facts, liberally construed, indicating that Defendants Yates, Cervantes, and Villa subjected Plaintiff to excessive force. Plaintiff has alleged facts indicating that he was not offering any resistance, and was in his cell, in handcuffs, with his forearms in the food port door, when each of the Defendants pulled on the waist chain, causing pain and injury to Plaintiff. Plaintiff has therefore alleged facts sufficient to state a claim for relief against Defendants Yates, Cervantes, and Villa on his claim of excessive force. For the reasons noted below, however, Plaintiff's claim appears to be time-barred.

### 2. Denial of Medical Care

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)(quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

The Court finds Plaintiff's allegations regarding his medical care to be vague. Plaintiff appears to allege that he refused medical treatment, then changed his mind after Defendants refused to take him to his appointment because of the incident on July 20, 2009. Plaintiff also

alleges that Defendant LVN Gonzales, after looking at Plaintiff's scrapes and welts, did not take him to the medical clinic for treatment, or address his complaints of pain. Plaintiff alleges that Defendant Monghig saw his injuries when he brought the form to Plaintiff for refusal of medical treatment. That Plaintiff, in his view, suffered from a condition that required immediate treatment does not subject Defendant Gonzales or Defendant Monghig to liability because they had a different opinion. A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff has not alleged any facts indicating that he was diagnosed with further injury by a medical professional as a result a failure to provide Plaintiff with the medical treatment he sought. Where a prisoner is alleging that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. Hallett v. Morgan, 296 F.3d 732, 745-6 (9th Cir. 2002); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1991); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)(per curiam) citing Estelle, 429 U.S. at 106. Plaintiff has failed to do so here. This claim should therefore be dismissed for failure to state a claim.

**B.     Disciplinary Process**

Plaintiff appears to allege that his disciplinary process was invalid. Plaintiff vaguely alleges that he was issued an RVR, and did not want an Investigative Employee. Plaintiff then alleges that officials did not respond to his request for documents.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges: (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to

1 the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at
2 563-71. Confrontation and cross examination are not generally required. Id. at 567. As long as
3 the five minimum Wolff requirements are met, due process has been satisfied. Walker v.
4 Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

Plaintiff has not alleged any facts indicating that he was not afforded due process, as that term is defined above. Plaintiff alleges that he did not know of the RVR until the Investigative Employee appeared at his cell, but Plaintiff has not alleged that he did not get written notice of the charges at least 24 hours prior to the hearing.

Further, the United States Supreme Court has determined that an inmate may not bring an action under §1983 if its success would release the claimant from confinement or shorten its duration, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), or would necessarily imply the invalidity of the conviction or sentence, Heck v. Humphrey, 512 U.S. 477, 487 (1994). Where the plaintiff's success on a §1983 action would necessarily imply the invalidity of his underlying conviction or sentence, he must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of writ of habeas corpus, 28 U.S.C. §2254." Heck, 512 U.S. at 487-88. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. Plaintiff has not alleged whether he was convicted of the charges, and if so, what sentence was imposed, and whether that sentence affected the duration of Plaintiff's sentence. The Court cannot, therefore, determine whether Plaintiff's claim is Heck-barred.

**C.    Statute of Limitations**

Finally, the Court notes that the conduct at issue in this lawsuit occurred in 2009. A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint." Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006), cert. denied, 131 S.Ct. 3055 (2011). "A complaint cannot be dismissed unless it appears beyond

1  doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."
2  Von Saher, 592 F.3d at 969 (quoting Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir;.
3  1995)).

4  Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues
5  when the plaintiff knows or should know of the injury that is the basis of the cause of action."
6  Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009)(citation omitted); Maldonado v. Harris,
7  370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999).  Because
8  section 1983 contains no specific statute of limitations, federal courts should apply the forum
9  state's statute of limitations for personal injury actions.  Jones v. Blanas, 393 F.3d 918, 927 (9th
10 Cir. 2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914.  California's statute of
11 limitations for personal injury actions was extended to two years effective January 1, 2003.  Cal.
12 Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

13 In actions where the federal court borrows the state statute of limitations, courts should
14 also borrow all applicable provisions for tolling the limitations found in state law.  Jones, 393
15 F.3d at 927.  Under California law, prisoners who at the time the cause of action accrued were
16 either imprisoned on a criminal charge or serving a sentence of less than life for a criminal
17 conviction benefit from a two-year tolling provision for damages actions.  Cal. Civ. Proc. Code §
18 352.1.  Plaintiff therefore had until July 20, 2013, to file a lawsuit regarding his excessive force
19 claim.  Plaintiff does not allege when his disciplinary process occurred, but it presumably
20 occurred on 2009.  The complaint in this action was filed on June 20, 2016, almost seven years
21 after the incident at issue in this lawsuit. (ECF No. 1.)  Although Plaintiff has alleged facts that
22 would state a claim for relief for excessive force, that claim appears to be time-barred.  Plaintiff's
23 action should therefore be dismissed for failure to state a claim for relief.

24 **IV.**

25 **CONCLUSION AND ORDER**

26 For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may
27 be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll
28 v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this

suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

      Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

      Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed June 20, 2016, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a an amended complaint or a notice of voluntary dismissal; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that dismiss this action, with prejudice, for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated: **September 21, 2016**        /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE

10