# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY D. THOMAS, | Case No. 1:16-cv-00855-AWI-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION AS TIME-BARRED |
| v. | |
| V. YATES, et al., | FOURTEEN-DAY DEADLINE |
| Defendants. | |

**Findings and Recommendations**

Plaintiff Larry D. Thomas, a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983, and federal and state law claims arising out of events in 2009 that occurred at Kern Valley State Prison. On September 21, 2016, the Court screened Plaintiff's complaint and concluded that his claims were likely time-barred. Plaintiff was granted leave to amend. (ECF No. 5.) Plaintiff filed his first amended complaint on October 17, 2016, which is currently before the Court for screening. (ECF No. 6.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. §

1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Allegations in First Amended Complaint**

Plaintiff is currently incarcerated at the R.J. Donovan Correctional Facility in San Diego, California. Plaintiff's claims stem from a use of force incident that occurred on July 20, 2009, while Plaintiff was housed at Kern Valley State Prison.

Plaintiff alleges that he was awakened on July 20, 2009, by Defendants Cervantes and Villa to be transported to the Tehachapi Surgery Center. After Plaintiff was strip searched, Defendant Cervantes placed handcuffs on him so tightly as to cause pain and restrict Plaintiff's

2

blood flow. Plaintiff immediately requested that Defendant Cervantes loosen the handcuffs. In response, Defendant Cervantes loosened the cuffs. However, after loosening the handcuffs, Defendant Cervantes then clicked the handcuffs to an even tighter hold on Plaintiff's wrists. Plaintiff believes that Defendant Cervantes was taking cues from Defendant Villa to put the handcuffs on extremely tight. Plaintiff again complained that the handcuffs were too tight, causing severe pain, and requested that they be loosened. Defendants Cervantes refused Plaintiff's request.

Defendant V. Yates intervened, checking the handcuffs and informing Plaintiff that they were fine. Plaintiff alleges that because of the refusal to loosen his handcuffs, Plaintiff had no alternative but to refuse medical transportation. Plaintiff told Defendant Yates, "If you're not going to loosen the handcuffs, then I'm refusing medical treatment and … I no longer want[ ] to go." (ECF No. 6 at p. 14.) Plaintiff then requested that the handcuffs be removed while his hands were still outside of the food port and the waist chain dangled to the floor. Plaintiff alleges that instead of removing the handcuffs, Defendant Yates grasped the waist chain and began to pull on it. As a result, Plaintiff's forearms were pulled through the food port slot, leaving scrape marks on his forearms and causing pain to his wrists. Plaintiff further alleges that Defendant Cervantes and Defendant Villa also began to pull on the waist chain, and that Defendant Villa also put his right foot against the cell door/wall while pulling to cause Plaintiff greater pain. Plaintiff then asked Defendant Villa if he was enjoying, and his response was "Fuck yeah." (*Id.* at p. 15.) Officer Reyes eventually intervened to uncuff Plaintiff.

Plaintiff asserts in an elaborate ruse, Defendant Yates asserted that Plaintiff pulled the waist chain through the food port slot and, in the process, Defendant Yates' left index finger was caught in the chain. Plaintiff contends, however, that it is virtually impossible for any person to have a finger caught in the waist chain. Plaintiff alleges that Defendant Yates lied and instead grasped the waist chain, coiled it around his hand, yanked it and then began pulling, inflicting excessive force on Plaintiff. Plaintiff asserts that Defendants Yates, Cervantes and Villa pulled the waist chain in tandem so that the attached handcuffs cut into Plaintiff's wrists, broke Plaintiff's skin, restricted blood flow and caused excruciating pain.

Plaintiff further alleges that he was denied medical treatment for his injuries. Specifically, Plaintiff asserts that Defendant Yates ordered Officer Reyes to have medical staff complete a refusal of medical treatments services form. Defendant Mongohig, the on duty LVN, came to Plaintiff's cell to have him sign the refusal of medical treatment services from. However, Plaintiff refused to sign the form because the decision not to be transported to the Tehachapi Surgery Center was forced upon as a result of the abusive manner in which the handcuffs were placed on him. Plaintiff asserts that Defendant Mongohig failed to diagnose Plaintiff's injuries and failed to complete the necessary report of injury/unusual occurrence. Further, despite Plaintiff's complaints of severe pain, broken skin and visible welts, Defendant Mongohig allegedly denied Plaintiff medical treatment services, resulting in lingering pain and suffering.

Hours later, after shift change, Plaintiff was afforded the opportunity to voice his allegations of excessive force and employee misconduct to Correctional Sergeant Day. Correctional Lieutenant Blackstone was contacted and a videotaped interview was conducted. Following the interview, Defendant Gonzales, an LVN, was contacted to complete a report of injury/unusual occurrence form to document Plaintiff's injuries. Defendant Gonzales visually examined Plaintiff's injuries, but her sole purpose was to complete the form. Plaintiff asserts that Defendant Gonzales failed to diagnose and treat Plaintiff's injuries despite his complaints of pain, broken skin, and welt marks.

Plaintiff forwards state law claims for assault and battery, negligence, and intentional infliction of emotional distress. Plaintiff also forwards claims for excessive force and deliberate indifference to serious medical needs in violation of the Eighth Amendment to the United States Constitution. Plaintiff seeks compensatory and punitive damages, along with declaratory relief.

**III.    Discussion**

As with his original complaint, Plaintiff's first amended complaint fails to state timely claims arising out of alleged conduct occurring in 2009, and should be dismissed. A time-barred claim may be dismissed at the screening stage when expiration of the applicable statute of limitations is apparent on the face of the complaint. *See Belanus v. Clark*, 796 F.3d 1021, 1024-

27 (9th Cir. 2015); *see also Cervantes v. City of San Diego*, 5 F.3d 1273, 1274-75 (9th Cir.1993) (claim may be dismissed under 12(b)(6) for failure to state a claim on the ground that it is barred by the statute of limitations "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled"); *Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010) (claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint"). "A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Von Saher*, 592 F.3d at 969 (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

Section 1983 contains no specific statute of limitations. Therefore, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). California's statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1; *Jones*, 393 F.3d at 927; *Maldonado*, 370 F.3d at 954-55.

Federal law determines when a civil rights claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); *Maldonado*, 370 F.3d at 955; *Fink*, 192 F.3d at 914.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations found in state law. *Jones*, 393 F.3d at 927. Under California law, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction benefit from a two-year statutory tolling provision for damages actions. Cal. Civ. Proc. Code § 352.1. Additionally, California law provides for equitable tolling of the statute of limitations where a plaintiff meets three conditions: "(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise

barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." *Fink*, 192 F.3d at 916 (citation and quotation marks omitted); *see also Addison v. State of California*, 21 Cal.3d 313, 319 (1978) (citations omitted).

Here, it is apparent from the face of Plaintiff's first amended complaint that his federal claims predicated on the events in 2009 are time-barred. Any claims in this action accrued on July 20, 2009, the date on which Plaintiff alleges that defendants used excessive force and failed to provide him with medical treatment. Even assuming statutory tolling of two years under section 352.1 based on Plaintiff's incarceration, the limitations period expired no later July 20, 2013. The complaint in this action was mailed to the Court on June 9, 2016, and entered into the Court's docket on June 20, 2016, almost seven years after the incident at issue in this lawsuit, and nearly three years after expiration of the statute of limitations. (ECF No. 1 at p. 46.)

Additionally, the first amended complaint does not plausibly allege that Plaintiff would be entitled to equitable tolling. In his amended complaint, Plaintiff appears to explain his delay by relying on a prior action in which his *in forma pauperis* status was revoked and the case dismissed without prejudice in 2012. Plaintiff asserts that he was not in a financial position to pay the fee necessary to re-file the action until June 2016. (ECF No. 6 at pp. 11-12.)

The Court takes judicial notice of Plaintiff's previous lawsuit, *Thomas v. Yates, et al.*, Case No. 1:10-cv-01234-SKO. *United States v. Howard*, 381 F.3d 873, 876 n. 1 (9th Cir. 2004) (court may take judicial notice of court records in other cases). As indicated by Plaintiff, and according to the docket in that action, Plaintiff filed a civil rights complaint on July 9, 2010, relating to the alleged excessive use of force and denial of medical care on July 20, 2009, and was granted leave to proceed *in forma pauperis*. (*Thomas v. Yates, et al.*, Case No. 1:10-cv-01234-SKO, ECF Nos. 1, 5.) On August 29, 2011, the court screened Plaintiff's complaint and ordered him to either file an amended complaint or notify the court of his willingness to proceed only on the claims found cognizable. (*Id.* at ECF No. 10.) Plaintiff elected to proceed on the cognizable claims, and the court therefore ordered that the action proceed against Defendants Yates, Cervantes, and Villa for use excessive physical force, in violation of the Eighth Amendment; (2) Defendants Yates, Cervantes, and Villa for assault, battery, and intentional

infliction of emotional distress under California law; (3) Defendant Yates for negligence under California law; and (4) Defendants Mongohig and Gonzales for deliberate indifference to Plaintiff's medical needs, in violation of the Eighth Amendment. (*Id.* at ECF Nos. 11, 12.) The court dismissed all other claims and ordered service of the complaint. (*Id.* at ECF No. 12.) Following service of the complaint, Defendants Cervantes, Yates, Villa and Mongohig moved to revoke Plaintiff's *in forma pauperis* status, declare him a three-strike litigant, and dismiss the action without prejudice to re-filing upon payment of the filing fee. (*Id.* at ECF No. 22.) On June 27, 2012, the court granted Defendants' motion to revoke Plaintiff's *in forma pauperis* status and dismissed the action without prejudice. (*Id.* at ECF No. 30.) Thereafter, Plaintiff did not refile the action until June 2016.

Having considered Plaintiff's explanation, the Court finds that Plaintiff has not met the conditions necessary to invoke the doctrine of equitable tolling. Although Defendants had initial notice of the claims, it is not reasonable to conclude that Defendants had *timely* notice between 2012 and 2016 that Plaintiff still intended to pursue those claims. It also is not reasonable to conclude that Plaintiff's failure to pursue such claims within that four-year period was reasonable and/or in good faith or that Defendants would not be significantly prejudiced by having to defend the otherwise barred claims. *Fink*, 192 F.3d at 916. *Ervin v. Los Angeles Cty.*, 848 F.2d 1018, 1020 (delay of year and a half in filing federal civil rights claim was neither reasonable nor in good faith). Thus, the first amended complaint reflects that the applicable statute of limitations on Plaintiff's federal claims expired well before Plaintiff filed this action in 2016.

Plaintiff's state law claims fare no better. Pursuant to California law, an action on such claims must have been commenced no more than six months after the notice of rejection of the government tort claim is mailed. *See* Cal. Gov't Code § 945.6(a)(1). According to the first amended complaint, the Victim Compensation and Government Claims Board issued its notice of rejection of Plaintiff's state law claims on February 25, 2010, which was more than six years before the instant action was filed. (ECF No. 6 at p. 23 and Ex. B). Even assuming statutory tolling of two years, Plaintiff's state law claims are untimely and, for the reasons discussed

above, he is not entitled to equitable tolling for those claims. *Fink*, 192 F.3d at 916.

**III.  Conclusion and Recommendation**

Based on the foregoing, IT IS HEREBY RECOMMENDED that this action be DISMISSED, with prejudice, as time-barred.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **November 7, 2017**          /s/ *Barbara A. McAuliffe*          
UNITED STATES MAGISTRATE JUDGE